IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROY'S HOLDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OS PACIFIC, LLC,<br><br>Defendant. | Case No. 19-cv-00469-DKW-RT<br><br>**ORDER DENYING MOTION TO BIFURCATE TRIAL**[1] |

Plaintiffs move to bifurcate part of their upcoming trial, asking the Court to hold separate trials on the issues of liability and damages with respect to two of the counterclaims asserted by Defendant. The sole basis for the motion is alleged "irreversible prejudice" Plaintiffs will suffer from the disclosure of "confidential" information relevant only to damages. Even if true, Plaintiffs fail to meaningfully address any of the other factors considered in bifurcating trial. Plaintiffs also fail to explain how bifurcating the trial in the manner they seek will ameliorate the prejudice they allege. Finally, as important, to the extent there is an appropriate procedural device to achieve their ends, it is through rulings on discovery. Plaintiffs have already pursued this path on this precise issue of damages-related discovery without success. Moving to bifurcate represents an attempted end-run

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.

to remedy this lack of success. For these reasons, each more fully set forth below, the motion to bifurcate trial, Dkt. No. 108, is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On February 16, 2022, the assigned Magistrate Judge ordered Plaintiffs to produce various discovery to Defendant (February 16, 2022 Order). Dkt. No. 105. Specifically, for certain time periods, Plaintiffs were instructed to produce their (1) profit, loss, and income statements, (2) financial net worth statements, and (3) state and federal tax returns. *Id*. at 23-24. This discovery had been sought as part of Defendant's First Request for Production (RPOD) Numbers 46-48 (Numbers 46-48). *Id*. at 8-13.

On the same day, Plaintiffs filed the instant motion to bifurcate trial. Dkt. No. 108. Plaintiffs assert that, through RPOD Numbers 46-48, Defendant seeks "Plaintiffs' financial records to calculate damages" with respect to two of Defendant's counterclaims. *Id*. at 5. Plaintiffs contend that this is "confidential commercial information of a competitor[,]" which would create "irreversible prejudice" if disclosed. *Id*. at 5, 8. On March 10, 2022, Defendant filed an

opposition to the motion to bifurcate, Dkt. No. 123, and, on March 17, 2022, Plaintiffs filed a reply, Dkt. No. 135.   This Order now follows.²

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42(b) (Rule 42(b)), a court "may order a separate trial of one or more separate issues" "[f]or convenience, to avoid prejudice, or to expedite and economize…."   This rule "confers broad discretion upon the district court to bifurcate a trial…."   *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

Both parties agree that the Court should consider the following factors when deciding whether to bifurcate: (1) whether the issues are significantly different; (2) whether the issues are to be tried before a jury or the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced.   Dkt. No. 108-1 at 7; Dkt. No. 123 at 3 (citing *Dallas v. Goldberg*, 143 F. Supp. 2d 312 (S.D.N.Y. 2001)).

---

²Plaintiffs have also filed an appeal of the February 16, 2022 Order, Dkt. No. 117, which has now been briefed, and will be addressed by the Court in a separate order.

The party moving for bifurcation has the burden of showing its entitlement to relief. *E.g.*, *Dries v. Sprinklr, Inc.*, 2021 WL 511003, at *3 (W.D. Wash. Feb. 11, 2021) (citing cases).

## DISCUSSION

Here, the only basis upon which Plaintiffs move for bifurcation is alleged prejudice. In other words, Plaintiffs do not contend that bifurcation would be "[f]or convenience…or to expedite or economize…." To the extent Plaintiffs' assertion−that resolving liability first may lead to a "more likely" resolution of the claims−can be construed as an argument of economy, the Court disagrees. As is patent, such an assertion is based on nothing more than speculation. Moreover, any such assertion runs counter to far more concrete claims that bifurcation will lead to a lack of economy: notably, the need to conduct multiple jury trials, with the attendant appearance of similar, if not duplicative, witnesses and evidence. This is particularly so given the advanced stage this case has already reached−less than two months before the scheduled start of trial.

As for prejudice, the only prejudice Plaintiffs point to is a novel one: not that the submission of evidence *at trial* on the matter of damages would unfairly affect liability, *see, e.g.*, *Diaz v. City of Anaheim*, 840 F.3d 592, 601-603 (9th Cir. 2016) ("Even assuming that a portion of this evidence had some relevance to damages, it

never should have been combined with the liability phase."), but that the disclosure of evidence *during discovery* to the opposing party will prejudice Plaintiffs.[3]  This issue has no real place in a dispute over bifurcating *trial*; rather, as Plaintiffs' appeal of the February 16, 2022 Order makes clear, its place (whether correct or not) is in a dispute over discovery.  Moreover, Plaintiffs fail to explain how the bifurcation they seek will ameliorate any prejudice they may suffer.  Notably, Plaintiffs seek to bifurcate liability and damages *only* with respect to two of Defendant's counterclaims and none of their own claims.  In doing so, they ignore that, in its RPOD Numbers 46-48, Defendant sought financial information from Plaintiffs in connection with more than just two of its counterclaims.  More specifically, Defendant asserted that RPOD Numbers 46-48 were relevant to at least one of Plaintiffs' claims.  *See* Dkt. No. 108-8 at 1-2.  Thus, even if the Court bifurcated Defendant's counterclaims, as requested, that would still not save Plaintiffs from the purported prejudice of disclosing their financial information.

In this light, the Court does not find that any factors or arguments favor bifurcating trial in this case.

---

[3] Plaintiffs cite only *Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1 (D.P.R. 1997), in support of this novel proposition.  To the extent *Lausell* reaches a conclusion different than the one herein, this Court disagrees with the findings reached in that out-of-Circuit, non-binding case.

**CONCLUSION**

For the reasons set forth herein, the motion to bifurcate trial, Dkt. No. 108, is DENIED.

IT IS SO ORDERED.

Dated: March 23, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*Roy's Holdings, Inc., et al v. OS Pacific, LLC*; Civil No. 19-00469 DKW-RT;
**ORDER DENYING MOTION TO BIFURCATE TRIAL**