IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROY'S HOLDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OS PACIFIC, LLC,<br><br>Defendant. | Case No. 19-cv-00469-DKW-RT<br><br>**ORDER DENYING APPEAL OF MAGISTRATE JUDGE DECISION**[1] |

On February 16, 2022, the Magistrate Judge entered an Order with respect to a discovery dispute between the parties in this action. Among other things, the Magistrate Judge ordered Plaintiffs to produce financial documents for certain time periods. Plaintiffs now appeal that determination, Dkt. No. 117, arguing that the Magistrate Judge committed clear error in ordering "overly broad" and irrelevant discovery. Upon review of the Magistrate Judge's decision and the parties' briefing on this matter, however, the Court cannot discern any error in the disputed discovery rulings, let alone clear error or a matter contrary to law. As the Magistrate Judge observed, and this Court agrees, Plaintiffs have put the financial documentation requested at issue in this case and, therefore, Defendant is entitled

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.

to the same, as limited by the Magistrate Judge's ruling. Therefore, Plaintiffs' appeal, Dkt. No. 117, is DENIED.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), a party may object to the decision of a Magistrate Judge on a pretrial matter not dispositive of a party's claim, such as a discovery ruling. When this happens, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

## RELEVANT PROCEDURAL BACKGROUND

On February 16, 2022, the assigned Magistrate Judge ordered Plaintiffs to produce various discovery to Defendant (February 16, 2022 Order). Dkt. No. 105. Specifically, for certain time periods, Plaintiffs were instructed to produce (1) profit, loss, and income statements, (2) financial net worth statements, and (3) state and federal tax returns. *Id*. at 23-24. This discovery had been sought in Defendant's First Request for Production (RPOD) Numbers 46-48 (Numbers 46-48). *Id*. at 8-13.

Two weeks later, Plaintiffs filed the instant appeal of the February 16, 2022 Order. Dkt. No. 117. Therein, Plaintiffs argue that the discovery ordered is "overly broad[,]" information related to their net worth is not relevant, bifurcation

of liability and damages is justified,[2] and a protective order is insufficient. On March 16, 2022, Defendant filed an opposition to Plaintiffs' appeal. Dkt. No. 134. This Order follows.

## DISCUSSION

The Court addresses Plaintiffs' arguments in turn.

First, Plaintiffs argue that the February 16, 2022 Order is "overly broad." Dkt. No. 117-1 at 8. More specifically, Plaintiffs argue that Defendant's discovery request is limited to counterclaims concerning "Roy's Beach House" and "Roy's Kona Coffee[,]" while the February 16, 2022 Order allows discovery with respect to "unrelated businesses." *Id*. at 8-9. Plaintiffs are simply wrong, however, with respect to the scope of Defendant's discovery request. Rather, as the "Letter Brief" to which Plaintiffs cite makes clear, Defendant's discovery requests concern more than just Defendant's counterclaims -- they also concern the claims *Plaintiffs themselves* made in the Second Amended Complaint. *See* Dkt. No. 117-11 at 1 ("[Defendant] requests financial documents from the Roy Parties relating to the Roy Parties' claims in their Second Amended Complaint…."). Specifically, the discovery is directed to Plaintiffs' allegation that their damages

---

[2]The Court addresses Plaintiffs' motion to bifurcate trial (Dkt. No. 108) in a separate Order that will be filed concurrently herewith. Therefore, in this Order, the Court does not further address Plaintiffs' brief mention of bifurcation in the instant appeal.

exceed $10,000,000. *See id*. As in other briefing Plaintiffs believe is relevant, *see* Dkt. No. 108-1 at 2, they fail to address this simple fact. Moreover, as the Magistrate Judge observed, in light of the allegations in the Second Amended Complaint, Plaintiffs "have put their financial condition at issue." Dkt. No. 105 at 19.[3] The Court does not find any error in this regard.

Second, Plaintiffs argue that their net worth is irrelevant. Dkt. No. 117-1 at 11. This argument too, however, appears premised on Plaintiffs' misconception that the "Letter Brief" concerns only Defendant's counterclaims. To the extent it is not, Plaintiffs cite no law for the contention that their net worth cannot be "used to calculate compensatory (or actual) damages[,]" *see id.*, when, such as here, Plaintiffs have put their net worth at issue. The Court does not find any error in this regard either.

Finally, Plaintiffs argue that a protective order would be insufficient because, once their financial information is disclosed, "it cannot be undone." Dkt. No. 117-1 at 12. Plaintiffs assert this is so because "the parties are competitors as is evident from the lawsuit." *Id*. Based on the current record, the Court disagrees. Notably, other than Plaintiffs' own say-so, they provide no support for

---

[3]Similarly, as the Magistrate Judge observed, simply because Plaintiffs now do not want to use their financial documents to support the allegations in the Second Amended Complaint does not mean Defendant's discovery request is moot, *see* Dkt. No. 105 at 19, or irrelevant.

the premise that the parties are competitors, as opposed to litigants. If anything, the record suggests that the parties are not competitors in light of the "territorial restrictions" to which Plaintiffs allude. *See id.* Nor do Plaintiffs explain, except grossly, why a carefully constructed protective order would not suffice to address their concerns, even were the parties assumed to be competitors. The Court does not find any error by the Magistrate Judge in this regard.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' appeal of the February 16, 2022 Order, Dkt. No. 117, is DENIED.

Plaintiffs are ORDERED to comply with the February 16, 2022 Order (Dkt. No. 105) by no later than April 1, 2022.

IT IS SO ORDERED.

Dated: March 23, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*Roy's Holdings, Inc., et al v. OS Pacific, LLC*; Civil No. 19-00469 DKW-RT;
**ORDER DENYING APPEAL OF MAGISTRATE JUDGE DECISION**

5