IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY'S HOLDINGS, INC., *et al.,* | Case No. 19-cv-469-DKW-RT |
| Plaintiffs, | **ORDER DENYING OS PACIFIC, LLC's MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| OS PACIFIC, LLC, | |
| Defendant. | |

Plaintiff Roy's Holdings, Inc. (RHI) asserts claims against Defendant OS Pacific, LLC (OSP) arising out of OSP's December 2018 termination of a longstanding oral gift card agreement between the parties.  In Count I, RHI claims that OSP's actions constituted false advertising in violation of 15 U.S.C. § 1125(a)(1)(B) (the "Lanham Act").  In Count II, RHI claims that OSP breached its oral contract with RHI by both failing to give reasonable notice before terminating and by failing to pay monies owed under the contract.  In Count III, RHI seeks a declaration that the contract contained an implicit provision requiring reasonable notice before termination, despite the lack of an explicit term to that effect.

OSP now moves for summary judgment on these three Counts, asserting that it had the right to unilaterally terminate the contract without advance notice and that RHI lacks standing to sue under the Lanham Act.[1]

OSP's motion is denied for several reasons. *First*, OSP relies on an out-of-date test for Lanham Act standing. As explained in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), and its progeny, the Lanham Act does not require a competitive relationship between a plaintiff and a defendant, the absence of which here serves as the basis of OSP's standing argument. *Second*, although oral contracts without definite duration like the one at issue are *generally* terminable at will (without notice), that is not the case with *this* contract in light of the circumstances presented. Third, OSP neglects to address the separate and additional ground for RHI's breach of contract claim—monies owed under the oral agreement. Thus, as explained more fully below, the Court DENIES OSP's motion for summary judgment (Motion).

## <u>LEGAL STANDARD</u>

A court must grant a motion for summary judgment if the pleadings and supporting documents, when viewed in the light most favorable to the non-moving party, show "that there is no genuine dispute as to any material fact and the movant

---

[1] The operative Second Amended Complaint (SAC, Dkt. No. 60) contains additional counts beyond the three on which OSP seeks judgment here.

is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

## RELEVANT UNDISPUTED MATERIAL FACTS AND PROCEDURAL BACKGROUND

RHI and OSP separately own and operate restaurants that share a brand. RHI owns Roy's Restaurants in Hawai'i, Guam, Japan, and Pebble Beach, California ("Roy's Hawai'i Restaurants"), and OSP owns Roy's Restaurants in the rest of the continental United States ("Roy's Mainland Restaurants").  Plaintiff's Concise Statement of Facts (PCSF) ¶¶ 2, 5, Dkt. No. 121; Defendant's Separate Concise Statement of Facts (DSCSF) ¶ 30, Dkt. No. 130.  Although not business partners, RHI and OSP have a history of collaborative dealings, including, for example, the twenty-year oral contract at issue here.  PCSF ¶¶ 5–12; DSCSF ¶ 31.

Under this oral contract, customers could purchase Roy's Restaurant gift cards at any location and redeem them at restaurants owned by either party.  PCSF ¶ 6.  Periodically, the parties would settle up: each would reimburse the other for the value of cards it redeemed but which were purchased at one of the other's locations.  *Id.*

On December 4, 2018, OSP notified RHI by letter that it was unilaterally terminating the gift card agreement effective immediately.  PCSF ¶ 16.  The letter stated that OSP would no longer reimburse RHI for redeeming any OSP-issued gift cards and instructed RHI to cease honoring such gift cards immediately.  *Id.*  The

letter offered no grace period, *id.*, and RHI alleges that OSP has since refused to remit any reimbursement payments under the contract, whether for cards redeemed before or after December 4, 2018.  *See* DSCSF ¶¶ 27–28; Decl. of Michael Webber ¶¶ 3, 5, Dkt. No. 121-1; PCSF Exh. 4, Dkt. No. 121-7.

The SAC asserts three claims relevant here: unfair competition by false advertising under the Lanham Act (Count I); breach of oral contract (Count II); and declaratory relief (Count III).  SAC ¶¶ 91–91, 98–99, 107.[2]  On December 30, 2021, OSP filed the instant Motion seeking summary judgment limited to Counts I, II, and III.  Dkt. No. 96.  The Motion has been fully briefed, *see* Dkt. Nos. 96–97, 120–121, 129–130, and this Order follows.

## DISCUSSION

### I.   Summary judgment on Count I is denied because RHI has standing to sue under the Lanham Act.

The Lanham Act creates a cause of action for two distinct activities: false association and false advertising.[3]  *Lexmark*, 572 U.S. at 122.  In Count I, RHI

---

[2]Plaintiffs filed an initial Complaint on August 30, 2019, *see* Dkt. No. 1, a First Amended Complaint on September 5, 2019, *see* Dkt. No. 6, and the SAC on March 18, 2021.

[3]15 U.S.C § 1125(a) provides, in relevant part,

Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any . . . false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to

alleges that OSP's termination of the gift card contract violated the Lanham Act's false advertising provisions.[4]  *See* SAC ¶ 59.  Specifically, RHI alleges that when OSP terminated the contract on December 4, 2018, OSP had already issued some number of gift cards that were redeemable at Roy's Hawai'i Restaurants.  PCSF ¶ 17.  OSP's abrupt termination of the contract—without any grace period to account for those cards already in circulation—rendered the cards false and misleading insofar as the location where they could be redeemed.  RHI also alleges that OSP issued gift cards *after* December 4, 2018 that failed to disclaim validity in Hawai'i and that OSP generally misled Roy's customers everywhere by failing to update its website or otherwise alert patrons of the new card terms in a prompt or meaningful way.  *Id.*; DSCSF ¶¶ 25–26; Decl. of Terrence Lee ¶ 3, Dkt. No. 121-2; Decl. of Steven E. Tom ¶ 5, Dkt. No. 121-3; PCSF Exh. 2, Dkt. No. 121-5; PCSF

---

the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

[4]The parties agree that the following five elements comprise a prima facie claim of false advertising: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

Exh. 3, Dkt. No. 121-6.  RHI claims that many customers have since attempted to

redeem their OSP-issued cards at Roy's Hawai'i Restaurants and have become

confused and angry when redemption was declined.  DSCSF ¶ 29; Decl. of Steven

E. Tom ¶ 6; PCSF Exh. 5 at 4–7, Dkt. No. 121-8.

For purposes of the instant Motion, OSP disputes RHI's standing to sue

under the Lanham Act.  Citing *Jack Russell Terrier Network of Northern*

*California v. American Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005),

OSP describes a two-part test for such standing: "(i) a commercial injury based

upon a misrepresentation about a product; and (ii) [] the injury is 'competitive,' or

harmful to the plaintiff's ability to compete with the defendant."  Dkt. Nos. 96-1 at

14; 129 at 11.  OSP maintains that RHI cannot establish the second part of this test

because RHI and OSP are not competitors: they operate in mutually exclusive

territories ensuring they never compete for customers.  Moreover, they generally

"maintain[] a cooperative working arrangement." Dkt. Nos. 96-1 at 16–17; 129 at

14–15.

*Jack Russell Terrier*, however, does not accurately set forth the proper test

for Lanham Act standing.  In *Lexmark*, the United States Supreme Court held that

a plaintiff and a defendant need *not* be competitors in order for standing to exist:

> By the time the Lanham Act was adopted, the common-law tort of
> unfair competition was understood not to be limited to actions between
> competitors. . . .   '[T]here need be   no   competition   in   unfair

6

competition,' just as '[t]here is no soda in soda water, no grapes in grapefruit, no bread in bread fruit, [etcetera] . . . .'

572 U.S. at 136 (citations omitted).[5]  Instead, *Lexmark* articulates the following two-part test: (i) the plaintiff's interests must fall within the zone of interests protected by the Lanham Act, and (ii) the plaintiff's injuries must be proximately caused by the prohibited activity.  *Id.* at 129, 133, 134.

RHI satisfies *Lexmark*.  *First*, "to come within the zone of interests in a suit for false advertising under [the Lanham Act], a plaintiff must allege an injury to a commercial interest in reputation or sales."  *Id.* at 131–132.  Here, RHI alleges that over 100 RHI customers have attempted to redeem OSP-issued gift cards at Roy's Hawai'i Restaurants and have become confused or angry when the cards were not honored as expected.  DSCSF ¶ 29; Decl. of Steven E. Tom ¶ 6; PCSF Exh. 5 at 4–

---

[5]OSP also claims that the first element of a prima facie claim of false advertising—that the defendant's false statement be made in a "commercial advertisement"—requires that the parties be competitors.  Dkt. No. 96-1 at 15–16; Dkt. No. 129 at 13.  The Lanham Act does not define "commercial advertising," but OSP represents that the Ninth Circuit "adopted the following definition" in 2021: "(1) commercial speech, *(2) by a defendant who is in commercial competition with plaintiff,* (3) for the purpose of influencing consumers to buy defendant's goods or services, and (4) that is sufficiently disseminated to the relevant purchasing public."  *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1115 (9th Cir. 2021) (emphasis added).  OSP again argues that the parties are not competitors, and it is thus entitled to judgment as a matter of law.  *See* Dkt. Nos. 96-1 at 15–16; 129 at 13–15.  However, the *Ariix* court did not, in fact, adopt the definition OSP asserts.  Rather, *Ariix* simply noted that a *pre-Lexmark* Ninth Circuit case, *Coastal Abstract Services, Inc. v. First American Title Insurance Co.*, 173 F.3d 725, 735 (9th Cir. 1999), adopted that definition.  *Ariix* went on to clarify that the second element was most likely no longer valid.  985 F.3d at 1120 ("[T]he parties agreed that *Lexmark* . . . likely abrogated this element . . . [and] that a plaintiff is no longer required to show that a misrepresentation was made by a commercial competitor . . . .  We therefore assume without deciding that [the plaintiff] need not satisfy this element.").  Thus, again, OSP relies on an out-of-date proposition; as *Lexmark* explained, the parties do not need to be competitors to engage in conduct violating the false advertising provisions of the Lanham Act.

7. Some have even filed customer complaints. Thus, RHI brings suit as a commercial entity whose position in the marketplace—to include its reputation and sales—has been damaged by OSP misleading the companies' mutual customers. There is no doubt that RHI's interests fall within the zone of interests protected by the Act. *See Lexmark*, 572 U.S. at 137.

*Second*, to show proximate causation, a plaintiff "must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising." *Id.* at 133. RHI has shown both. RHI's reputational injury flows directly from the alleged deception. No doubt, at least some customers are unaware that Roy's Hawai'i Restaurants do not share ownership with Roy's Mainland Restaurants. Thus, when customers buy gift cards from OSP that are advertised as valid in Hawai'i, or are perhaps silent in that regard, and are then rejected at RHI's Hawai'i Restaurants, they attribute the deception to RHI. That harms RHI's reputation and the goodwill associated with its brand. Economic injuries also flow directly from the deception. OSP allegedly owes over $200,000.00 (and counting) for gift cards RHI redeemed both before December 4, 2018—under the undisputed terms of the contract—and after December 4, 2018— either inadvertently or in an attempt to maintain goodwill with customers who felt swindled. DSCSF ¶ 27; Decl. of Michael Webber ¶ 3; PCSF Exh. 4, Dkt. No. 121-

7.[6]  The loss from at least some of the post-December 2018 redemptions flowed directly from OSP's failure to manage its customers' expectations by informing them that its gift cards are no longer valid in Hawai'i.  Thus, RHI's injuries were proximately caused by the false advertising, and RHI has standing to sue.[7]

## II.    Summary judgment on Count II is denied because there is a genuine issue of material fact about whether OSP owes money under the contract.

In Count II, RHI alleges that OSP breached the oral contract that both parties acknowledge, *see* PCSF ¶ 6, by refusing to pay monies owed under the contract. SAC ¶ 99.  RHI claims that OSP owes more than $229,942.44 for gift cards redeemed both before and after December 4, 2018.  DSCSF ¶ 27; Decl. of Michael Webber ¶ 3; PCSF Exh. 4.

As RHI points out, OSP's Motion does not even address the alleged loss from before December 2018.  Dkt. No. 120 at 17 ("[The Motion] ignores the fact that OSP has failed to reimburse RHI even for those OSP-issued gift cards that were redeemed at Roy's Hawai'i Restaurants prior to OSP's termination of the Agreement.").  *See generally* Dkt. Nos. 96, 129.  Neither has OSP shown the

---

[6]RHI has also provided comps such as free appetizers to frustrated customers and has presumably suffered lost revenue from the loss of customers enticed to dine at their restaurants and spend in excess of the value of their gift cards.  *See* SAC ¶¶ 43, 86; Dkt. No. 120 at 11, 14, 16.

[7]To be clear, the Court's determination here is limited to standing.  Whether actual misrepresentations, falsehoods and loss, among other things, can be established is left for trial.

absence of a genuine dispute of fact regarding the alleged loss from after

December 4, 2018.[8]  Thus, summary judgment as to Count II is DENIED.

**III.    Summary judgment on Counts II and III is denied because termination of the oral contract without reasonable notice is not permitted under the circumstances presented here.**

In Count II, RHI alleges that OSP breached the gift card contract by failing

to give reasonable notice before termination.  SAC ¶ 98.  In Count III, RHI asks for

a declaration that the gift card contract included an implicit reasonable notice

provision.  SAC ¶ 99.

The parties agree that their oral contract did not have an end-date or

explicitly require notice before termination and that, generally, oral contracts of

this ilk are terminable at will.  PCSF ¶¶ 6–7; *see also* Dkt. Nos. 96-1 at 18–20 n.6;

120 at 20–21.  *See, e.g.*, Williston on Contracts § 4:22 (4th ed.) ("[A] promise

contemplating continuing performance for an indefinite time is to be interpreted as

stipulating only for performance terminable at the will of either party."); *Honolulu*

*Data Entry Project, Ltd. v. D. Bello Assocs.*, 2013 WL 6838276 at *4 (D. Haw.

---

[8]Although not entirely clear, RHI seems to claim entitlement to reimbursement from after December 4, 2018 for two reasons: because OSP was not allowed to cancel the contract without notice, entitling RHI to continue redeeming the gift cards under the contract; and because OSP continued to issue new gift cards after exiting the contract without disclaiming redemption availability in Hawai'i, compelling RHI to redeem those cards to appease disgruntled customers.  *See* SAC ¶¶ 62–79, 83–86; Dkt. No. 120 at 10–11, 14–15; DSCSF ¶ 29.  The former is addressed in Section III, *infra*, the conclusion of which merits RHI proceeding with its post-December 2018 reimbursement claim.

Dec. 26, 2013) ("Contracts of perpetual duration are, as a general rule, terminable at will.").

OSP believes that ends the matter: because the gift card contract was perpetual in duration, OSP could terminate at will.  Dkt. No. 96-1 at 19–20. The Court disagrees.  As RHI notes, notwithstanding termination at will, courts may imply a term of duration when it is "reasonable" to do so:

> [W]here the nature of the contract and the totality of surrounding circumstances give no suggestion as to any ascertainable term, . . . the law usually implies that the term of duration shall be at least a reasonable time, and that the obligations under the contract shall be terminable at will by any party upon reasonable notice after such a reasonable time has elapsed.

*Honolulu Data Entry*, 2013 WL 6838276 at *4 (quoting *Alpha Distrib. Co. of Cal., Inc. v. Jack Daniel Distillery*, 454 F.2d 442, 448–49 (9th Cir. 1972)); *see also* Dkt. No. 120 at 20–21 (collecting cases in support); Dkt. No. 129 at 17 (agreeing with the proposition).

Here, customers who buy or receive restaurant gift cards typically use them at some later date—days, months or even years down the line.  Thus, the contract necessarily contemplated performance by the parties at some time in the future, and each party reasonably expected that it could sell its gift cards without the other abruptly refusing to honor them.  *See Airgo, Inc. v. Horizon Cargo Transp., Inc.*, 670 P.2d 1277, 1281 (Haw. 1983) ("One of the prime objectives of contract law is to protect the justified expectations of the parties.").  That is, in fact, precisely how

the parties operated for years.  *See* PCSF ¶¶ 6–7, 16.  In light of these circumstances, it is patently unreasonable to interpret the oral contract as allowing either party to unilaterally terminate it without a reasonable buffer of time.  What that reasonable buffer consists of is left to the jury to determine at the trial currently set for May 16, 2022.  *See* RHI's Opposition Brief, Dkt. No. 120 at 22 (stating that "[i]t is an issue of fact for the jury to determine a reasonable termination period").

## CONCLUSION

For the foregoing reasons, OSP's motion for partial summary judgment, Dkt. No. 96, is denied.[9]

IT IS SO ORDERED.

DATED: April 5, 2022 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

[9]RHI argues that the Court should deny summary judgment on procedural grounds because OSP did not conduct a pre-filing conference in accordance with Local Rule 7.8.  Dkt. No. 120 at 22–23.  For its part, OSP asks the Court to forgive its failure to strictly comply with Rule 7.8 because it sought in good faith to comply *after* the Motion was filed: within five days of filing, OSP's counsel emailed RHI's counsel to schedule a conference, but rather than accepting OSP's good-faith offer to confer, RHI only replied that it reserved the right to contest the motion on Rule 7.8 grounds.  Dkt. No. 129 at 19–20.  Because the Court denies OSP's motion on the merits, the question of whether OSP sufficiently complied with Rule 7.8 is moot.